In the Matter of the Probate of the Last Will and Testament of JOSEPHINE KENNINGTON, Late of Flushing, County of Queens, Deceased. GEORGE KENNINGTON, Appellant; ETHEL B. CAMPBELL, Respondent.— Decree of the Surrogate's Court of Queens county unanimously affirmed, with costs to respondent, payable by appellant personally. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

In the Matter of the Petition of JOSEPH KUNKEL, as Executor of the Estate of CHARLES F. LEHMAN, Deceased, Appellant, for an Order Directed to ELIZABETH A. CLEARY, Respondent, to Discover Property of Said Estate.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondent, payable out of the estate. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

In the Matter of JACOB B. LINDNER, Respondent, to Determine and Fix His Attorney's Lien in the Action of SAMUEL MARGULES, Plaintiff, v. SARATOGA PLUMBING & HEATING Co., INC., Defendant. SAMUEL MARGULES, Appellant.— Order confirming report of official referee modified by striking out the last paragraph thereof directing the continuance of the action, and as modified affirmed, with ten dollars costs and disbursements. Since the respondent makes no claim beyond his share of the settlement, the direction struck out was improper and unnecessary. Order of reference affirmed, without costs. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

In the Matter of the Application of CLINTON S. LUTKINS, Respondent, for an Order of Mandamus against ROBERT CHAPMAN COMPANY, Appellant.— Peremptory mandamus order, in so far as appealed from, unanimously affirmed on the facts, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of the Application of MICHAEL MCDONNELL and MARGARET DUGGAN MANNING, as Administrators, etc., of BESSIE MCDONNELL, Deceased, Appellants, to Discover Certain Property of the Deceased Claimed to Be Withheld. CATHERINE MCDONNELL, Respondent.— Decree of the Surrogate's Court of Queens county reversed on the law and the facts, with costs to appellants and respondent payable out of the estate. This court finds that there was no gift and that ownership of the property in question is in the estate. The intent to transfer ownership was not present in the mind of decedent at the time of delivery. The Surrogate's Court is directed to enter a decree accordingly. Young, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., concurs for reversal but votes for a new trial.